1  Craig J. Mariam  (SBN: 225280)
   cmariam@gordonrees.com
2  Allison J. Fernandez  (SBN: 272853)
   afernandez@gordonrees.com
3  GORDON & REES LLP
   633 West Fifth Street, 52nd Floor
4  Los Angeles, CA 90071
   Telephone:  (213) 576-5000
5  Facsimile:  (877) 306-0043

6  Attorneys for Defendant
   CONVERGENT OUTSOURCING, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE CAMPBELL, | CASE NO. 1:16-at-94 |
| Plaintiff, | **NOTICE OF REMOVAL** |
| vs. | *State Court Case No. 171440* |
| CONVERGENT OUTSOURCING, INC., | |
| Defendant. | |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that defendant Convergent Outsourcing, Inc. (hereinafter referred to as "Convergent") hereby removes this civil action from the Superior Court of the State of California for the County of Tulare to the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. §§ 1441 and 1446, based on federal question jurisdiction.  Specifically, plaintiff Nicole Campbell asserts claims for damages arising out of alleged violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq* and the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*, as well as a state law claim under the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq*.

///

///

-1-
NOTICE OF REMOVAL

In support of this Notice of Removal, Convergent states as follows:

**PROCEDURAL BACKGROUND**

1. Plaintiff commenced this action by filing a Complaint in the Superior Court of the State of California for the County of Tulare on October 9, 2015, styled *Nicole Campbell v. Convergent Outsourcing, Inc.*, Case No. 171440 (the "State Court Action"). A true and correct copy of the summons and complaint is attached hereto as Exhibit "A," in accordance with 28 U.S.C. § 1446(a), and is incorporated by reference.

2. The allegations of the Complaint claim violations of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 *et seq.* (*See* Complaint, ¶ 1). Plaintiff further alleges violation of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq.* (*Id.*) The Complaint was served on Convergent on January 11, 2016.

**BASIS FOR REMOVAL – FEDERAL QUESTION JURISDICTION**

3. Under 28 U.S.C. §1441(a), any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

4. Further, 28 U.S.C. §1441(b) provides that any civil action for which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

5. This matter may be removed from the state court because this Court has original jurisdiction over claims arising under the FDCPA, which is a law of the United States. Further, the FDCPA provides "[a]n action to enforce any liability [created by this subchapter or under this title] may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction." 15 U.S.C. §1692k(d).

6. In addition, this matter may be removed from the state court because this Court has original jurisdiction over claims arising under the TCPA, which is a law of the United States.

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

Despite permissive language in the TCPA that private rights of action "may, if otherwise permitted by the laws or rules of court of a State, [brought] in an appropriate court of that State […]" (47 U.S.C. §227(b)(3)), the Supreme Court has held this language does not deprive a federal court of jurisdiction. *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 749 (2012) (stating that 47 U.S.C. §227(b)(3) "does not state that a private plaintiff may bring an action under the TCPA 'only' in state court, or 'exclusively' in state court."); *see also Sodano v. Chase Bank USA, NA*, 2012 U.S. Dist. LEXIS 60997, *11 (E.D. Cal. 2012) (remand on a TCPA action denied).

**TIMELINESS OF REMOVAL**

7.   As noted above, the Complaint was served on Convergent on January 11, 2016. Convergent's Notice of Removal is therefore timely because Convergent has filed this Notice "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

**VENUE**

8.   Venue is proper in this district and division because the State Court Action was filed and is pending in the Superior Court of the State of California for the County of Tulare, which is located within the federal United States District Court for the Eastern District of California. *See* 28 U.S.C. §84(b).

**SUPPLEMENTAL JURISDICTION**

9.   This Court also has supplemental jurisdiction to the extent any state law claims are alleged. *See* 28 U.S.C. § 1367(a) (a federal court has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

10.   This Court has jurisdiction over state law claims where a plaintiff seeks the resolution of a substantial federal question through the implication of remedies available under federal law. *See Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 313-314 (2005).

1  11. The claims in plaintiff's Complaint arise under laws of the United States because plaintiff's claims necessarily depend on the remedies available under both 15 U.S.C. §1692 *et seq.* and 47 U.S.C. §227 *et seq.* Plaintiff invokes 15 U.S.C. §1692 *et seq.* and 47 U.S.C. § 227 *et seq.* throughout the Complaint in requesting statutory damages under these federal statutes. Facts are asserted as being defined by federal statute in paragraphs 2-5, 7, 9, 10, 13, 14, and 21-23 of the Complaint. Plaintiff's Complaint alleges a "violation" of 15 U.S.C. §1692 *et seq.* (paragraph 13) and 47 U.S.C. §227(b)(3)(B) (paragraphs 20-24). Relief is likewise sought under the alleged cause of action by incorporating into the Prayer for Relief 47 U.S.C. §227 subsections (b)(1), (b)(3)(B), and (b)(3)(C).

## COMPLIANCE WITH REMOVAL PROCEDURES

12. Convergent has complied with all of the procedural requirements for removal set forth in 28 U.S.C. §1446. As noted above, the notice of removal is filed within 30 days of the service of the pleading from which it may first be ascertained that the case is one which is or has become removable.

13. Pursuant to §1446(d), a copy of this Notice of Removal, including exhibits, is being served on plaintiff's counsel.

14. Pursuant to §1446(d), a copy of this Notice of Removal, including exhibits, will be filed with the Superior Court of the State of California for the County of Tulare, Case No. 171440.

15. Copies of all process, pleadings and orders served on the defendant are attached hereto.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

-4-
NOTICE OF REMOVAL

16. Convergent respectfully requests that this Honorable Court assume jurisdiction over this matter and issue such orders and processes as may be necessary to bring before it all the parties necessary for the trial hereof.

Dated: February 9, 2016

Respectfully submitted,

GORDON & REES LLP

By: /s/ Craig J. Mariam
Craig J. Mariam
Allison J. Fernandez
Attorney for Defendant
Convergent Outsourcing, Inc.

1114042/26700801v.1